IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NAIEEM MOORE,** | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | CIVL ACTION NO. 21-CV-0933 |
| | : | |
| **CORRECTIONAL OFFICER** | : | |
| **ROSA,** *et al.*, | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 25th day of March, 2021, upon consideration of Plaintiff Naieem Moore's Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), it is **ORDERED** that:

    1.    Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

    2.    Naieem Moore, #1129722, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of the Philadelphia Industrial Correctional Center or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Mr. Moore's inmate account; or (b) the average monthly balance in Moore's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Moore's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Moore's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

3. The Clerk of Court is directed to **SEND** a copy of this Order to the Warden of the Philadelphia Industrial Correctional Center.

4. The Complaint is **DEEMED** filed.

5. For the reasons stated in the Court's Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

    a. (1) the conditions of confinement claim against Defendant Correctional Officer Rosa and Defendant Correctional Officer Sgt. Miles; (2) the deliberate indifference to serious medical needs and related state law tort claims of intentional infliction of emotional distress, negligence, assault, and battery against Defendants Rosa and Miles; (3) the individual capacity claims against Defendant Michelle Ferrell, Warden; and (4) the official capacity claims against Defendant Ferrell and Defendant John Doe, a disciplinary hearing officer.

    b. These claims are **DISMISSED WITHOUT PREJUDICE** to amendment in accordance with paragraph seven (7) of this Order;

    c. The Clerk of Court **SHALL NOT TERMINATE** any Defendants from the docket at this time.

6. The Clerk of Court is directed to **SEND** Moore a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

7. Mr. Moore is given thirty (30) days to file an amended complaint in the event he can allege additional facts to state plausible claims of: (1) unconstitutional conditions of confinement against Defendants Rosa and Miles; (2) deliberate indifference to serious medical need and related state law tort claims of intentional infliction of emotional distress, negligence, assault, and battery against Defendants Rosa and Miles; (3) individual capacity claims against Defendant Ferrell; and (4) official capacity claims against Defendants Ferrell John Doe.  Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Moore's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 21-933.  If Moore files an amended complaint, his amended complaint must be a complete document that includes all of the bases for Moore's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  **Claims that are not included in the amended complaint will not be considered part of this case because the amended complaint becomes the pleading upon which the case will proceed.**  This means that, if Moore wants to file an amended complaint and to proceed on claims that have not yet been dismissed, he must reassert in his amended complaint the claims that have not been dismissed.  When drafting his amended complaint, Moore should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Mr. Moore does not file an amended complaint the Court will direct service of his initial Complaint so that he may proceed **only** on his remaining claims, specifically, Moore's excessive force and failure to intervene claims under the Fourteenth Amendment, as well as his related state law claims for assault and battery against Defendants Rosa and Miles, and his

procedural due process claim against Defendant John Doe only.  Moore may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Mr. Moore is reminded to include the case number for this case, 21-933.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date 90 days after the Court issues summonses in this case if summonses are issued.

                              **BY THE COURT:**

                              /s/ Gerald Austin McHugh
                              _____
                              **GERALD A. McHUGH, J.**